

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-29-2002

# USA v. Payo

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3806

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Payo" (2002). *2002 Decisions.* Paper 457.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/457

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

OPINION OF THE COURT SLOVITER, Circuit Judge.

David Michael Payo robbed the National City Bank in West Mifflin, Pennsylvania, on March 28, 2001. On the same day he robbed the Great American Federal Savings and Loan Bank, also located in West Mifflin. He was charged and pled guilty to two counts of bank robbery in violation of 18 U.S.C. 2113(a). He was sentenced to 87 months. He appeals from the sentence imposed. We will affirm.

The Pre-Sentence Report calculated the offense level for each bank robbery at 22, added two points for multiple count adjustment under U.S.S.G. 3D1.4, but subtracted three points for acceptance of responsibility, leading to a final offense level of 21. Because Payo had a criminal history category of V, the resulting Guidelines sentencing range was 70 to 87 months. The PSR stated that there was no basis for departure in this case.

Payo submitted no objections to the PSR, and so stated. The Government objected to the paragraph of the PSR that stated that there was no basis for a departure at sentencing because seven separate one-point criminal convictions were not counted in the calculation of Payo's criminal history score due to the limitations of U.S.S.G. 4A1.1(c). Although the Government argued that the District Court could find that the criminal history score did not adequately reflect the seriousness of Payo's past criminal conduct or the likelihood that he would commit other crimes, it did not request an upward departure. The District Court adopted the calculations of the PSR, assigned Payo an offense level 21 and a criminal history of V, and imposed a sentence of 87 months, the top of the sentencing range.

Payo argues on appeal that in sentencing him at the top of the guideline range, the District Court considered his prior arrests on felony charges as convictions, that the

District Court was not free to do so, and that that constituted an error of law.  Payo concedes that he did not dispute the fact that the felony charges to which the District Court referred were brought against him but he notes that they were either nol-prossed or reduced to a lesser offense.  Because Payo did not argue in the District Court, that the District Court treated the nol-prossed or reduced cases as felony convictions, the Government argues that we must review that issue under plain error.  Even if we were not to apply the limited standard of review applicable in plain error cases, the result would not be different.  It is evident that the District Court did not treat either the nol-prossed or reduced cases as convictions.

In imposing the sentence of 87 months, the District Court specifically explained that a sentence at the upper end of the guideline range for imprisonment had been proposed "based on the defendant's extensive criminal history which began in 1988."  App. at 64.  The court then stated that Payo "has many convictions for summary offenses before local district magistrates, as well as misdemeanor and felony convictions in the Court of Common Pleas of Allegheny County."  Id. (emphasis added).  Only after referring to Payo's convictions did the court state, "In addition, he has been arrested on a number of felony charges that were either nol-prossed or reduced to a lesser offense."  Id. (emphasis added).

The court specifically recognized the distinction between convictions and charges that were nol-prossed or reduced to a lesser offense and there is nothing in the record to support Payo's contention that the court treated the latter as convictions.  There is of course no objection to the District Court considering such information as it is by now well accepted that the sentencing court may consider any reliable information.  The fact that in addition to Payo's earlier convictions, he also had felony charges that did not result in convictions but that were nol-prossed dispositions or reduced is relevant to his background, character and conduct, all of which may be considered in imposing sentence.  We find no legal error in connection with Payo's sentencing.

Accordingly, we will affirm the Judgment of Conviction and Sentence.

_____

TO THE CLERK:

Please file the foregoing opinion.


/s/ Dolores K. Sloviter
Circuit Judge